UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tod A., | Case No. 2:24-cv-00049-DJA |
| Plaintiff, | |
| v. | **Order** |
| Martin O'Malley, Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Todd A.'s motion for leave to proceed *in forma pauperis*. (ECF No. 1). Because the Court finds that Plaintiff has demonstrated an inability to prepay fees and costs or give security for them, it grants the application. The Court also finds that Plaintiff's complaint has met the basic requirements to satisfy screening. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Discussion.**

    ***A.      The Court grants Plaintiff's in forma pauperis application.***

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff provides that he is employed, but that he expects his salary to go down next month. Plaintiff's income barely exceeds his expenses. The Court thus finds that Plaintiff is unable to pay an initial partial filing fee and grants the application to proceed *in forma pauperis*.

    ***B.      Plaintiff's complaint passes the Court's screening.***

Plaintiff's complaint meets the basic requirements to pass screening. When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this district consider four requirements for complaints to satisfy screening. *See, e.g., Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev.

Jan. 26, 2015) (collecting cases).  *See id.*  First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision.  *See id.*  Second, the complaint must indicate the judicial district in which the plaintiff resides.  *See id.*  Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled.  *See id.*  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.  *See id.*

Here, Plaintiff's complaint satisfies all four requirements.  First, the complaint asserts that Plaintiff has properly sought review under 42 U.S.C. § 405(g) because he applied for a period of disability, disability insurance benefits, and supplemental security income benefits, which application the Commissioner denied initially and upon reconsideration.  Plaintiff requested and participated in a hearing before an administrative law judge (ALJ) who denied Plaintiff's claim on September 18, 2019.  The Appeals Council denied review on June 24, 2021.  Plaintiff timely sought review of the final agency decision and on November 29, 2021, this Court reversed and remanded for further administrative proceedings.  The ALJ then presided over the remand hearing and then issued a decision to deny benefits on October 10, 2023.  Plaintiff did not file exceptions to the ALJ's decision and the Appeals Council did not assume jurisdiction over the matter by the sixty-day deadline, leaving the ALJ's decision as the final agency decision.  20 C.F.R. § 404.984(d).  Plaintiff filed an *in forma pauperis* application less than sixty days after the Appeals Council deadline to assume jurisdiction.  *See* 20 U.S.C. § 405(g); *see* 20 C.F.R. § 404.984(d); *see Correia v. Commissioner*, No. 3:17-cv-00729-BR, 2018 WL 1875475, at *2 (D. Or. Apr. 19, 2018) ("When a claimant does not file exceptions to the ALJ's decision and the Appeals Council does not assume jurisdiction, the ALJ's decision becomes the 'final decision' sixty days from the ALJ's decision.").

Second, Plaintiff claims to live in the jurisdictional boundaries of this Court.  Third, the complaint outlines the nature of Plaintiff's disabilities and the date Plaintiff became disabled. Fourth, the complaint concisely states Plaintiff's disagreement with the Social Security

Administration's determination.  Because Plaintiff's complaint meets each of these requirements, it satisfies screening.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  The order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file the complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to provide notice of this action to the Commissioner pursuant to Rule 3 of the Supplemental Rules for Social Security.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendant or counsel for the Defendant.  The Court may disregard any paper received by a judge which has not been filed with the clerk, and any paper received by a judge or the clerk which fails to include a certificate of service.

DATED: January 11, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE