Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Lawrence D. Rohlfing, Inc., CPC
12631 East Imperial Highway Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: marc.kalagian@rksslaw.com

Leonard Stone
Attorney at Law: 5791
Shook & Stone
710 South 4th Street
Las Vegas, NV 89101
Tel.: (702) 385-2220
Fax: (702) 384-0394
E-mail: Lstone@shookandstone.com

Attorneys for Plaintiff
Tod Armstrong

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOD ARMSTRONG,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LELAND DUDEK,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 2:24-cv-00049-DJA<br><br>AMENDED STIPULATION AND <s>PROPOSED</s> ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |

TO THE HONORABLE DANIEL J. ALBREGTS, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their undersigned counsel, subject to the approval of the Court, that Tod Armstrong ("Armstrong") be awarded attorney fees in the amount of eight thousand dollars

-1-

1  dollars ($8,000.00) and expenses in the amount of zero dollars ($0.00) under the
2  Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount
3  of zero dollars ($0.00) under 28 U.S.C. § 1920.  This amount represents
4  compensation for all legal services rendered on behalf of Plaintiff by counsel in
5  connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

6  After the Court issues an order for EAJA fees to Armstrong, the
7  government will consider the matter of Armstrong's assignment of EAJA fees to
8  Marc Kalagian.  The retainer agreement containing the assignment is attached as
9  exhibit 1.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to
10 honor the assignment will depend on whether the fees are subject to any offset
11 allowed under the United States Department of the Treasury's Offset Program.
12 After the order for EAJA fees is entered, the government will determine whether
13 they are subject to any offset.

14 Fees shall be made payable to Armstrong, but if the Department of the
15 Treasury determines that Armstrong does not owe a federal debt, then the
16 government shall cause the payment of fees, expenses and costs to be made
17 directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the
18 assignment executed by Armstrong.[1]  Any payments made shall be delivered to
19 Law Offices of Lawrence D. Rohlfing, Inc., CPC. Counsel agrees that any payment
20 of costs may be made either by electronic fund transfer (ETF) or by check.

21 This stipulation constitutes a compromise settlement of Armstrong's request
22 for EAJA attorney fees, and does not constitute an admission of liability on the part
23 of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

constitute a complete release from, and bar to, any and all claims that Armstrong and/or Marc Kalagian including Law Offices of Lawrence D. Rohlfing, Inc., CPC, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Marc Kalagian and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: April 15, 2025     Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

/s/ *Marc V. Kalagian* [2]

BY: _____
Marc V. Kalagian
Attorney for plaintiff
TOD ARMSTRONG

DATED: April 15, 2025            SIGAL CHATTAH
                                 Interim United States Attorney


                                 /s/ *David Priddy*
                                 _____
                                 DAVID PRIDDY
                                 Special Assistant United States Attorney
                                 Attorneys for Defendant
                                 LELAND DUDEK, Acting Commissioner of
                                 Social Security (Per e-mail authorization)

---

[2] Counsel for the plaintiff attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

-3-

1
2
3

**ORDER**

IT IS SO ORDERED that the parties' Amended Stipulation for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920 (ECF No. 29) is GRANTED.

4   DATED: 4/16/2025       _____
5                          THE HONORABLE DANIEL J. ALBREGTS
                           UNITED STATES MAGISTRATE JUDGE

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**DECLARATION OF MARC V. KALAGIAN**

I, Marc V. Kalagian, declare as follows:

1. I am an attorney at law duly admitted to practice before this Court in this case. I represent Tod Armstrong in this action. I make this declaration of my own knowledge and belief.

2. I attach as exhibit 1 a true and correct copy of the retainer agreement with Tod Armstrong containing an assignment of the EAJA fees.

3. I attach as exhibit 2 a true and correct copy of the itemization of time in this matter. The paralegal rate is $179 per hour. The attorney rate is $244.62 for 2023; $251.84 for 2024; and $251.84 for 2025.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this April 15, 2025, at Santa Fe Springs, California.

/s/ *Marc V. Kalagian*
_____
Marc V. Kalagian

-5-

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 12631 East Imperial Highway, Suite C-115, Santa Fe Springs, California 90670.

On this day of April 15, 2025, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mr. Tod Armstrong
6780 Via Prozenza Avenue
Las Vegas, NV 89131

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Santa Fe Springs, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Marc V. Kalagian                    /s/ Marc V. Kalagian
TYPE OR PRINT NAME                      SIGNATURE

**CERTIFICATE OF SERVICE
FOR CASE NUMBER 2:24-CV-00049-DJA**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for this court by using the CM/ECF system on April 15, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system, except the plaintiff served herewith by mail.

/s/ *Marc V. Kalagian*

_____

Marc V. Kalagian
Attorneys for Plaintiff

# SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on October 9, 2019, by and between the Law Offices of Lawrence D. Rohlfing referred to as attorney and **Mr. Tod Armstrong**, S.S.N. ▆▆▆-3256, herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing to represent Claimant as Mr. Tod Armstrong's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits** awarded by the Social Security Administration to the claimant or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is currently $6,000.00**, whichever is **smaller**, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to prior or referring attorneys or bar referral service.

11. The receipt from Claimant of ___none___ is hereby acknowledged by attorney to be placed in trust and used for costs.

It is so agreed.

_____  
Mr. Tod Armstrong

_____  
Law Offices of Lawrence D. Rohlfing  
Young Cho

/s/ *Marc V. Kalagian*  
_____  
Marc V. Kalagian

*Tod Armstrong*
*CV 24-49 DJA*

   Social Security case
   Responsible Attorney:  Young Cho (YC)
             Marc V. Kalagian (MVK)
   Paralegal: Enedina Perez (EP)

| DATE: | TIME: | ATTY: | DESCRIPTION: |
|---|---|---|---|
| 5-Jan-24 | 0.5 | EP | preparation of documents related to complaint |
| 8-Jan-24 | 0.1 | EP | receipt and review of notice of direct assignment |
| 12-Jan-24 | 0.1 | EP | receipt and review of notice of appearance |
| 12-Jan-24 | 0.1 | EP | receipt and review of order re IFP |
| 10-Apr-24 | 0.1 | EP | receipt of administrative record |
|  | 0.1 | EP | receipt and review of reassignment of judge |
| 9-Aug-24 | 0.2 | EP | preparation of letter to client re filing status |
| 18-Dec-24 | 0.3 | EP | AC post judgment letter (appeals council to remand) |
| Subtotals | 1.5 |  |  |
| 17-Oct-23 | 1 | MVK | review of file and ALJ denial for District Court case |
| 4-Jan-24 | 0.5 | MVK | preparation of complaint |
| 27-Feb-24 | 0.1 | MVK | receipt and review of unopposed motion for extension |
| 29-Feb-24 | 0.1 | MVK | receipt and review of order re extension |
| 10-Apr-24 | 0.1 | MVK | receipt and review of notice of appearance |
| 27-May-24 | 8.4 | YC | review of transcript and conduct of legal research regarding issues presented |
| 28-May-24 | 7.6 | YC | review of transcript and conduct of legal research regarding issues presented |
| 29-May-24 | 4.4 | YC | review of transcript and conduct of legal research regarding issues presented |
| 29-May-24 | 4.2 | YC | preparation of plaintiff's brief |
| 30-May-24 | 8.3 | YC | preparation of plaintiff's brief |
| 31-May-24 | 0.5 | MVK | review, revise and edit plaintiff's brief |
| 5-Jun-24 | 0.1 | MVK | receipt and review of notice of appearance |
| 26-Jun-24 | 0.1 | MVK | receipt and review of proposed motion for extension |
| 28-Jun-24 | 0.1 | MVK | receipt and review of order re extension |
| 14-Aug-24 | 7.5 | YC | receipt and review of defendant's brief; review of |
| 14-Aug-24 | 4.7 | YC | preparation of reply brief |
| 14-Aug-24 | 0.4 | MVK | review, review and edit reply brief |
| 11-Feb-25 | 0.5 | MVK | receipt and review of order of remand; judgment |
| 11-Feb-25 | 0.7 | YC | preparation of letter to regional counsel; itemization |
| 11-Feb-25 | 0.4 | MVK | preparation of letter to client re results |

| 11-Feb-25 | 0.3 | MVK | preparation of EAJA stipulation |
| Subtotals | 50 | | |

**TOTAL TIME** **51.5**